```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION



HIROKO SWANGAIN AND
QUESTER SWANGAIN                                         PLAINTIFFS

VS.                                    CIVIL ACTION NO. 3:05-CV-326BS

AON CORPORATION, AON SELECT, INC.,
GERBER LIFE INSURANCE COMPANY,
CAMBRIDGE INTEGRATED SERVICES,
INC., AND MANAGED CARE CONCEPTS
of DELAWARE, INC.                                        DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss and Motion for Hearing of Defendant Aon Corporation. Having considered the Motions, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motions are not well taken and should be denied.

### I.  Factual Background and Procedural History

This action arises out of a denial of benefits under an insurance policy purchased by Plaintiffs Hiroko and Quester Swangain from Defendant Gerber Life Insurance Company ("Gerber"). While attending college at the University of Southern Mississippi, Plaintiffs obtained a "Student Accident and Health Insurance Policy" ("the Policy") from Gerber. In addition to other coverage, the Policy included a "maternity benefit" for insureds who became

pregnant while the Policy was in effect. This provision of the Policy is the subject of this lawsuit.

Under the maternity benefit provision, a pregnant insured was covered for the duration of her pregnancy so long as the Policy was in effect when the baby was conceived. In other words, even if the Policy expired before her child was born, a pregnant female would be covered throughout her pregnancy, including the birth, provided that she had conceived prior to the termination date of the Policy. It is undisputed that Hiroko Swangain conceived while Plaintiffs were covered by the Policy. Plaintiffs however allege that claims for payment of medical expenses related to Hiroko Sawngain's pregnancy were denied. Plaintiffs further allege that they were told that the claims were denied because the policy had expired and/or the medical services were rendered after the policy expired.

Defendant Aon Select, Inc.("Aon Select"), was the designated claims administrator of the Policy.  Plaintiffs allege and Aon Corporation does not dispute that Aon Select is a subsidiary of Aon Corporation. Although Plaintiffs do not allege that Aon Corporation is responsible for the denial of their claims, Plaintiffs do contend that Aon Corporation was and continues to be involved in an ongoing conspiracy to fraudulently conceal information related to the denial of maternal benefit claims by Aon Select.  Through previous litigation involving the Defendants in this case, Plaintiffs have obtained emails and other correspondence between

Aon Corporation and the other Defendants. See Exhibit "B" to Plaintiff's Response to Motion to Dismiss.[1] Plaintiffs urge that this correspondence reveals that Aon Corporation has actively participated in a "cover-up" of the "reckless and indifferent acts of their [sic] subsidiary [Aon Select], which in effect, prolonged and exacerbated the bad faith in this case." Plaintiff's Response to Motion to Dismiss, p. 4.

On March 15, 2005, Plaintiff initiated this action in the Circuit Court of Forrest County, Mississippi. The case was subsequently removed to this Court by Defendants on May 24, 2005. Aon Corporation moved for dismissal for lack of personal jurisdiction on December 23, 2005, and on February 23, 2006, moved for a hearing of its Motion to Dismiss. The Court will now consider the two Motions.

## II.  Analysis

**II.A. Motion for Hearing**

Aon Corporation requests a hearing on its pending Motion to Dismiss. After considering the Motion for Hearing, the Court finds that a hearing is not necessary and therefore denies the Motion.

**II.B. Motion to Dismiss**

Aon Corporation, a Delaware Corporation with its principal place of business in Illinois, contends that this Court lacks

---

[1] Aon Corporation objects to the introduction into evidence the documents relied on by Plaintiffs in their Response. The Court will address this objection in the Analysis section *infra*.

personal jurisdiction over it in this matter. Personal jurisdiction is determined under a two-step inquiry. The first inquiry is whether personal jurisdiction is conferred by Mississippi's long-arm statute. Coats v. Penrod Drilling Corp., 5 F.3d 877, 881 (5th Cir. 1993), cert. denied, 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994). The second inquiry is whether personal jurisdiction under the long-arm statute comports with "due process." Id. at 883. The burden of establishing a *prima facie* case of personal jurisdiction is on the plaintiff. WNS, Inc. v. Farrow, 884 F.2d 200, 202 (5th Cir. 1989).

### II.B.1. Mississippi Long-Arm Statute

First considered is whether Aon Corporation is subject to the jurisdiction of this Court under the Mississippi long-arm statute, which states in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

In summary, the long-arm statute consists of three "prongs." First, a nonresident is subject to personal jurisdiction in

4

Mississippi if the nonresident enters into a contract with a Mississippi resident that is to be at least partially performed in Mississippi.  This is known as the "contract prong" of the long-arm statute.  The second prong of the Mississippi long-arm statute is the "tort prong."  Under the tort prong, a nonresident is subject to jurisdiction in Mississippi if the nonresident commits a tort in whole or in part in Mississippi, against a resident or a nonresident.  The third prong of the long-arm statute is the "doing business prong," under which a nonresident is subject to jurisdiction if it is conducting any type of business in Mississippi.

In the case *sub judice*, Plaintiffs argue that Aon Corporation is subject to jurisdiction under the tort prong of the Mississippi long-arm statute. Plaintiffs allege that Aon Corporation committed and continues to commit a tort by participating in a cover-up of the wrongful denial of claims by Defendants. As previously stated, under the tort prong of the statute, this Court can exercise jurisdiction over a nonresident defendant if the nonresident defendant committed a tort in whole or in part in Mississippi. The Court must therefore determine whether the alleged tort, or a portion of it, was committed in Mississippi.

For purposes of deciding personal jurisdiction under Mississippi law, a tort is committed in the state, at least in part, if the *injury* occurred in the state. Sorrells v. R & R Custom

Coach Works, 636 So.2d 668, 672 (Miss. 1994). Plaintiffs claim that the injuries they sustained as a result of the wrongful conduct of Aon Corporation occurred in Mississippi.

In a case with identical claims as those made by Plaintiffs in this case, Judge Glenn Davidson of the United States District Court for the Northern District of Mississippi, in Huggins v. Aon Corp., 1:05-CV-157DD; 2006 WL 709787 (N.D. Miss. Mar. 16, 2006), was faced with precisely the same issue as the Court faces today. The plaintiffs in Huggins, like Plaintiffs in this case, were denied maternity benefits under the same Gerber policy at issue in this case. Id. at *1.  Aon Corporation was also named a defendant in Huggins, and just as it did in this case, Aon Corporation moved to dismiss for lack of personal jurisdiction. Id. In evaluating whether the Mississippi long-arm statute reached Aon Corporation, Judge Davidson determined that because the injuries to the Huggins plaintiffs were sustained in Mississippi, the tort occurred in part in Mississippi and therefore the court had personal jurisdiction over Aon Corporation Id. at 3.

This court is persuaded by the reasoning of the court in Huggins. Plaintiffs have sufficiently alleged tortious conduct on the part of Aon Corporation. Moreover, Aon Corporation does not dispute that Plaintiffs' alleged injuries, which resulted from the actions of Aon Corporation, were sustained in Mississippi. Therefore, because there is no dispute that the alleged injuries to

6

Plaintiff occurred in Mississippi, the Court finds that a tort was committed in part in Mississippi.

Accordingly, the Court finds that Plaintiffs have met their burden of proving that Aon Corporation is amenable to the jurisdiction of this Court under the tort prong of the Mississippi long-arm statute.

**II.B.2. Due Process**

The Court must now determine whether its finding of *in personam* jurisdiction over Aon Corporation under the Mississippi long-arm statute is consistent with due process.

The due process question is governed by Federal law. Stuart v. Spademan, 772 F.2d 1185, 1189 (5th Cir. 1985). To comport with the due process requirement in the exercise of jurisdiction over a nonresident defendant, the following two factors must be met: "(a) the nonresident must have some *minimum contact* with the forum which results from an affirmative act on his part; [and] (b) it must be *fair and reasonable* to require the nonresident to defend the suit in the forum state." Id. (emphasis added; citations omitted).

The Court initially considers the minimum contacts requirement. The Stuart court provided a framework for analyzing the minimum contacts issue.

> "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." Burger King, 105 S.Ct. at 2183. The due-process test of foreseeability is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled

7

> into court there." <u>World-Wide Volkswagen</u>, 444 U.S. at 297, 100 S.Ct. at 567. Reasonable anticipation of out-of-state litigation is delimited by the "purposeful availment" requirement set out in <u>Hanson v. Denckla</u>. <u>See</u> 357 U.S. at 253, 78 S.Ct. at 1239-1240. This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person'.... Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." <u>Burger King</u>, 105 S.Ct. at 2183-84 (emphasis in original; citations and footnotes omitted); <u>see also</u> <u>Patterson</u>, 764 F.2d at 1147. For example, "with respect to interstate contractual obligations, [the Court has] emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulations and sanctions for the consequences of their activities." <u>Burger King</u>, 105 S.Ct. at 2182 (quoting <u>Travelers Health Ass'n v. Virginia</u>, 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950)); <u>see also</u> <u>McGee v. International Life Insurance Co.</u>, 355 U.S. at 222-23, 78 S.Ct. at 200-201.

<u>Stuart</u>, 772 F.2d at 1191 (bracketed text in original).[2]

Aon Corporation contends that it is merely a holding company that has no contacts with the state of Mississippi. Further, Aon Corporation asserts that it took no part in the denial of benefits to Plaintiffs. Plaintiffs on the other hand argue that by

---

[2] The minimum contacts concept can be subdivided into two categories: (1) specific personal jurisdiction; and (2) general personal jurisdiction. <u>Helicopteros Nacionales de Columbia S.A. v. Hall</u>, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Jurisdiction is "specific" when the cause of action directly relates to the defendant's contact with the forum state. <u>Id.</u> Jurisdiction is "general" when the cause of action does not directly relate to the defendant's contacts with the forum state, but the defendant has "continuous and systematic" contacts with the forum state such that personal jurisdiction may be found. <u>Id.</u> at 415. In the subject case, Plaintiffs have only argued that specific personal jurisdiction exists over Aon Corporation.

intentionally participating in the cover-up of the wrongful activity of its subsidiary Aon Select, Aon Corporation reasonably should have foreseen being haled into a Mississippi court.

Plaintiffs have alleged in their Complaint that Defendants, including Aon Corporation, acted fraudulently in concealing information related to the denial of claims by Aon Select. Acts of concealment and fraud by an out-of-state defendant that cause injury in the forum state are sufficient to overcome the due process minimum contacts requirement. Morrone Co. v. Barbour, 241 F.Supp.2d 683, 688 (S.D. Miss. 2002). Aon Corporation contends that these allegations are vague and generalized and that the evidence offered by Plaintiffs does not substantiate their claims. The Court however disagrees. Although an inference is necessary, the Court believes that the emails and other correspondence relied on by Plaintiffs do supports their allegations of fraudulent concealment and on-going bad faith. Also, when a court is faced with a motion to dismiss for lack of personal jurisdiction, it must take uncontroverted allegations in the complaint as true. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Aon Corporation offers no evidence rebutting Plaintiffs' allegations of a cover-up by Defendants. The only evidence offered by Aon Corporation – the Affidavit of Kevann M. Cooke, the Senior Vice President and Corporate Secretary of Aon Corp – does not address the continuing bad faith or fraud allegations made by Plaintiffs. The Court

therefore finds that Plaintiffs have made a *prima facie* showing of minimum contacts with the forum.

The final consideration under the due process analysis is whether the exercise of personal jurisdiction over Aon Corporation is consistent with traditional notions of fair play and substantial justice. Under this final phase of the due process inquiry, the defendant must advance a "compelling case" that jurisdiction would be unfair and unreasonable in light of other considerations. <u>Guidry v. U.S. Tobacco Co., Inc.</u>, 188 F.3d 619, 630 (5th Cir. 1999). Factors to consider in this analysis are:

> [1] the defendant's burden, [2] the forum state's interests, [3] the plaintiff's interest in convenient and effective relief, [4] the judicial system's interest in efficient resolution of controversies, and [5] the shared interest of the several States in furthering fundamental substantive social policies.

<u>Id.</u> (citations omitted).

Despite having the burden of proof at this stage in the personal jurisdiction inquiry, Aon Corporation fails to even address this second prong of the due process analysis in either its Motion or Amended Rebuttal. Thus, the Court finds that Aon Corporation has failed to make a compelling case as to why the exercise of jurisdiction would be unfair or unreasonable. Accordingly, the Court finds that an exercise of jurisdiction over Aon Corporation does not run afoul of due process.

Because Plaintiff has made the requisite showing of jurisdiction under the Mississippi long-arm statute and under the

due process clause, the Court must deny the Motion to Dismiss for lack of personal jurisdiction of Aon Corporation.

**II.C. Objection to Exhibits**

In its Amended Rebuttal, Aon Corporation objects to Exhibit "B" to Plaintiff's Response being introduced into evidence. As previously mentioned, Exhibit "B" contains the email and other correspondence between Defendants that Plaintiff now offers as proof of fraud and ongoing bad faith. Aon Corporation argues that the documents were inadvertently disclosed and contain confidential information protected by the attorney-client privilege.

After considering the objection of Aon Corporation, the Court overrules the objection and will allow the documents to be admitted into evidence for the sole purpose of the Motion to Dismiss. However, this ruling of the Court has no bearing on whether the documents will be admissible as evidence at trial.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Dismiss of Aon Corporation, Inc. [docket entry nos. 64, 92, 93 ] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion for Hearing of Aon Corporation [docket entry no. 94] is not well taken and is hereby denied.

SO ORDERED this the 13th day of April, 2006.

<u>s/ William H. Barbour, Jr.</u>  
UNITED STATES DISTRICT JUDGE

blj