IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| HIROKU SWANGAIN and QUESTER SWANGAIN | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:05CV326BS |
| AON CORPORATION; ANN SELECT, INC. GERGER LIFE INSURANCE COMPANY; CAMBRIDGE INTEGRATED SERVICES, INC. and MANAGED CARE CONCEPTS OF DELAWARE, INC. | DEFENDANTS |

## ORDER

This matter came before the court on the Plaintiffs' Motion for Continuance of Trial Date and the Plaintiffs' Motion for Sanctions. Having conferred with the District Judge on the Motion for Continuance, the undersigned is of the opinion that it has merit and should be granted. This case will, therefore, be moved to the next trial calendar.

Because this continuance will permit an extension of the discovery deadline, the court will consider the Motion for Sanctions. That Motion relates primarily to the difficulties encountered by the Plaintiffs in conducting a 30(b)(6) deposition of AON Corporation that occurred after the original discovery deadline. This dispute involves several discovery principles, including Unif. Local R. 26.1(B)(3)'s admonition that parties to a lawsuit "may not, by stipulation and without the consent of the court, extend the discovery cut-off date." In that respect, the deposition was, *ab initio*, improper. Because the discovery deadline will be extended, however, and because it is likely that a future 30(b)(6) deposition will occur, the court declines to grant sanctions. In the hope of preventing a future problem, however, the following comments are provided.

A 30(b)(6) notice directed to a party passes on to that party the responsibility of designating persons with knowledge of the subject matter identified in the notice. A failure to designate a knowledgeable individual on any topic is equivalent to a failure to appear for a deposition, and such failure may subject the noticed party to an award of sanctions. *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). If the noticed party believes that any of the identified topics is improper, it is incumbent upon that party to seek relief from the court prior to the deposition. Otherwise, the noticing party is entitled to rely on the lack of notice to assume that the time and expense associated with appearing to take the deposition is justified.

A corporate designee may be questioned regarding matters outside the 30(b)(6) notice. In such a case, the deponent is no longer a corporate designee, but merely another fact witness, and he can respond to any question about which he has personal knowledge, within the general limits of Fed. R. Civ. P. 26. *See, e.g., Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000); *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499, 500 (M.D. Pa. 2000); *Overseeas Private Invest. Corp v. Mandelbaum*, 185 F.R.D. 67, 68 (D.C.D.C. 1999); *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). Likewise, if the Plaintiffs wish to take the depositions of specific employees instead of corporate designees, they have that right, but they are also treated as individual fact witnesses. *See, e.g., In re Terra Int'l, Inc.*, 134 F.3d 302 (5th Cir. 1998). However, as non-party fact witnesses, these employees' appearance at a deposition can only be compelled through subpoenas. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2103 (3d ed. 1994):

> [A] party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have. A distinction must then be drawn

>between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated tin the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness.

*See also* Fed. R. Civ. P. 45.

Finally, there is an issue with regard to the Plaintiffs' apparent desire to depose an attorney for AON Corporation. As this court has stated in previous cases, depositions of opposing counsel are discouraged, as they disrupt the adversarial process and lower the standards of the profession. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947); *Jones v. Board of Police Commissioners of Kansas City, Missouri*, 176 F.R.D. 625 (W.D Mo. 1997); *Caterpillar Inc. v. Friedemann*, 164 F.R.D. 76 (D. Or. 1995). Thus, a party should not be permitted to take the deposition of a party's attorney except in the most unusual of circumstances. *Buford v. Holladay*, 133 F.R.D. 487, 491 (S.D. Miss. 1990). The Fifth Circuit has adopted the Eighth Circuit's three-part test for analyzing the propriety of an attorney deposition, thereby limiting the circumstances in which a deposition of opposing counsel would be permitted to situations where: "(1) no other means exist to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of this case." *Nguyen v. Excel Corp*. 197 F.3d 200, 208 (5th Civ. 1999); *Shelton*, 805 F.2d at 1327. As *Nguyen* recognizes, there are situations in which such a deposition should be allowed; however, the Plaintiffs have not persuaded the court that this is such a situation.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion for Continuance of Trial Date is hereby **granted**, and the Case Management Order previously entered in this matter is hereby amended, as follows:

1. The trial of this matter will occur on the trial calendar that begins on January 2, 2007.

2. The pretrial conference will be held on December 8, 2006; the pretrial conference currently set for September 8, 2006, is hereby canceled.

3. Discovery is reopened for the limited purpose of completing the depositions at issue in the Motion for Sanctions, to be completed by October 16, 2006.

IT IS FURTHER ORDERED that the Plaintiffs' Motion for Sanctions is hereby **denied**.

IT IS SO ORDERED, this the 6th day of September, 2006.

                                                               S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE